# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CONTINE CHESTNUT, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, TOREY CORNIN AND TYRAY CHESTNUT | CIVIL ACTION NO. <br><br> 19-618-BAJ-EWD |
| VERSUS | |
| STEVEN HODGES, BLACKHAWK TRANSPORTATION, INC. AND GREAT WEST CASUALTY CO. | |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiffs Contine Chestnut ("Contine") and her minor children Torey Cornin and Tyray Chestnut (collectively, "Plaintiffs"), on February 23, 2019 on Interstate 10 in Ascension Parish, Louisiana when Contine's vehicle was struck on the passenger side by the International Prostar tractor/trailer driven by Defendant Steven Hodges ("Hodges"). Contine alleges that, when the collision occurred, Hodges was in the course and scope of his employment with Blackhawk Transport, Inc. ("Blackhawk") and insured by Removing Defendant Great West Casualty Company ("Great West") (collectively, "Defendants").[1] On or about August 21, 2019, Plaintiffs filed their Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On September 16, 2019, Great West removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

---

[1] R. Doc. 1-1, ¶¶ III-VI, VIII.
[2] R. Doc. 1-1.
[3] R. Doc. 1, ¶ 6. Great West contends that the other Defendants have not yet been served. R. Doc. 1, ¶ 3.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiffs are domiciliaries of Louisiana, Hodges is a domiciliary of Arizona, Blackhawk is a Wisconsin corporation with its principal place of business in Wisconsin, and Great West is a Nebraska corporation with its principal place of business in Nebraska; therefore, complete diversity of citizenship appears to exist.[4]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that Hodges' vehicle "suddenly, and without warning…veered into the left lane of travel striking the passenger side of Petitioners' vehicle causing severe and debilitating injuries to their person."[6] Plaintiffs allege the following injuries:

> X.
>
> As a consequence of the above enumerated negligence of the Defendants, Plaintiff has sustained the following damages:
>
> a. Physical pain and suffering, past, present and future;
> b. Emotional distress and mental anguish, past, present, and future;
> c. Medical expenses, past, present, and future;
> d. Loss of enjoyment of life;
> e. Lost Wages;
> f. Loss of Earning Capacity;
> g. Rental Expenses;
> h. Property Damage;
> i. Loss of Use and/or Depreciation of vehicle; and
> j. Any and all other items of damage to be enumerated at the time of trial.[7]

---

[4] R. Doc. 1, ¶ 5.
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-1, ¶ V.
[7] R. Doc. 1-1, ¶ X.

In the Notice of Removal, Great West cites the foregoing damage allegations, and further claims that Plaintiffs' failure to allege that they are seeking an amount less than $75,000, which is required to "disavow federal court jurisdiction" in accordance with La. C.C.P. art. 893, "creates a presumption that the jurisdictional amount necessary to confer jurisdiction is present."[8] Great West contends that, "[g]iven the court's strict adherence to the pleading requirements set forth in La. Code Civ. Proc. Art. 893 and the clear lack of any jurisdictional statement in the petition, plaintiff has in effect, conceded that the requisite jurisdictional amount is in controversy."[9]

The foregoing does not provide enough information to determine if Plaintiffs' claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiffs' general allegations of "physical pain and suffering," "Emotional distress and mental anguish," and demands for general categories of damages (*e.g*., medical expenses, physical pain and suffering, lost wages, and property damage, etc.)[10] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc*., and cases cited therein.[11]

In this case, there is no description of any of the actual injuries suffered by any of the Plaintiffs, the nature of Plaintiffs' medical treatment, the actual amount of medical expenses

---

[8] R. Doc. 1, ¶ 8, *citing Chambers Med. Found. v. Chambers*, 05-786, 2006 WL 1895479, *2, n. 3, (W.D. La. January 23, 2006) (other citations omitted) *and citing Pooley v. State Farm Mut. Auto. Ins. Co*., No. 13-0918, 2013 WL 3356873 (E.D. La. July 3, 2013) ("[d]istrict courts within this Circuit have held that the absence of such an allegation amounts to a 'tacit concession' that 'the damages sought by the plaintiff exceed $75,000.'") (*citing Kerr v. State Farm Fire & Cas. Co*., 11-113, 2011 WL 2160871, *2 (M.D. La. June 1, 2011)).
[9] R. Doc. 1, ¶ 8.
[10] R. Doc. 1-1, ¶ X.
[11] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

Plaintiffs have incurred thus far, Plaintiffs' prognoses and recommended future treatment, or whether Contine is working/can work.  Great West has also not offered any specific information regarding Plaintiffs' lost wages, rental expenses, property damage or vehicle depreciation, nor is there evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.[12]

Further, Great West's reliance on *Chambers Med. Found. v. Chambers*,[13] in connection with Plaintiffs' failure to allege that they are seeking less than $75,000 as required by La. C.C.P. art. 893,[14] is also insufficient to establish the amount in controversy.  As this Court has recognized, a plaintiff's omission of such a statement regarding damages may be considered,[15] but it is not determinative of whether the amount in controversy is met.[16]  Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.[17]

---

[12] Although the Petition references that "proof of loss and property damage" was sent to Great West on March 15, 2019, April 24, 2019 and April 29, 2019 (*see* R. Doc. 1-1, ¶XI), no specific information was provided in the Petition or Notice of Removal as to the alleged amount of such losses.

[13] R. Doc. 1, ¶ 8, *citing* No. 05-786, 2006 WL 1895479, at *2, n. 3 (W.D. La. Jan. 23, 2006).

[14] R. Doc. 1, ¶ 8.

[15] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115-SDD-RLB, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115-SDD-RLB, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *see Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ('[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'); *see also Chambers Med. Found. v. Chambers*, No. 05-786, 2006 WL 1895479, at *2, n. 3 (W.D. La. Jan. 23, 2006) (failure to assert whether the federal amount in controversy requirement is satisfied as required by article 893(A)(1) 'creates a 'strong presumption' in favor of jurisdiction'). Accordingly, the Court will give some weight to Plaintiff's failure to follow Article 893(a)(1)'s mandate, but does not find that failure to be determinative of whether the amount in controversy is satisfied.")

[16] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g.*, *Weber,* 2007 WL 4441261, *4 (Omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.)

[17] *Pooley* and *Kerr*, cited by Great West, are distinguishable.  In *Pooley*, the U.S. District Court for the Eastern District of Louisiana held that it was facially apparent from the plaintiff's petition that the amount in controversy was met, but that the lack of an La. C.C.P. art. 893 stipulation "further indicated" that the exercise of jurisdiction was appropriate. *Pooley*, WL 3356873, at *5.  Likewise, in *Kerr*, Judge Polozola of this Court held that, while the *Kerr* plaintiff either

4

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **September 30, 2019**, Defendant Great West Casualty Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that, on or before **October 11, 2019**, Plaintiff Contine Chestnut, individually and on behalf of her minor children, Torey Cornin and Tyray Chestnut, shall file either: (1) a Notice stating that Plaintiffs do not dispute that Great West has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, September 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

violated state law or effectually conceded that the amount in controversy was met by not including an La. C.C.P. art 893 stipulation that it was not met, "even without this concession, the Court finds that the removal was proper because the complaint on its face exceeds the amount in controversy." *Kerr,* 2011 WL 2160871, at *2. As explained herein, it is not facially apparent from Plaintiffs' Petition that the amount in controversy is met in this matter.

[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").